UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| B.W., | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-1146 |
| v | : | (JUDGE MANNION) |
| CAREER TECHNOLOGY CENTER OF LACKAWANNA COUNTY | : | |
| | : | |
| Defendant | : | |
| | : | |
| J.R., a minor, by his parents and natural guardians, S.M. & J.R., | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:19-1150 |
| v | : | |
| | | (JUDGE MANNION) |
| CAREER TECHNOLOGY CENTER OF LACKAWANNA COUNTY, | : | |
| | : | |
| Defendant | | |

## MEMORANDUM

Presently before the court are Plaintiffs' standalone briefs in opposition to Defendant Career Technology School of Lackawanna County ("CTC's") motion for summary judgement on their Title IX retaliation claims. (Docs. 117-3 and 127). The court previously granted summary judgments on these claims because Plaintiffs did not brief their opposition to these claims within their omnibus briefs in opposition. (Docs. 171 and 182). However, Plaintiffs' counsel subsequently brought to this court's attention that they filed separate

briefs in opposition only addressing their retaliation claims. As such, the court will now address the merits of those claims as separately opposed by Plaintiffs.

## I. Background

The overall background of this case is stated in the court's memorandum addressing the rest of Defendants' motions for summary judgement and will not be restated herein. (Docs. 170 and 181 pp. 5-8). Of particular relevance to the claims at issue here. J.R. has testified that he told CTC Assistant Director George Pelepko-Filak ("Mr. Filak") that his automotive technology teacher Richard Humphrey was inappropriately and sexually touching him. But Mr. Filak did nothing to stop or change Humphrey's behavior. J.R. subsequently told CTC Administrative Director Thomas Baileys ("Dr. Baileys") about Humphrey's inappropriate behavior. But Dr. Baileys also did nothing to stop or change Humphrey's behavior. Instead J.R. claims he was retaliated against by CTC administration first by being forced to graduate early and second by being told he could not attend an awards ceremony because he did not receive any awards when it was in fact a graduation ceremony leading J.R. to miss the opportunity to receive his CTC diploma in person.

Similarly, B.W. alleges that CTC administrators knew he also complained about Humphrey's sexually abusive conduct, and after Humphrey was arrested for sexually abusing Plaintiffs, bullied him, threatened him with expulsion for minor disciplinary infractions, and arbitrarily denied him privileges afforded to other CTC students including participation in a prestigious co-op program. B.W. further alleges that after CTC administrators learned he was participating in the law enforcement investigation of Humphrey, they denied him additional privileges and even threatened to not let him walk at his graduation.

## II. Legal Standard

The appropriate legal standard for summary judgement motions is fully stated in the court's memorandum addressing the rest of Defendants' motions for summary judgement in this case and will not be restated herein. (Docs. 170 and 181 pp. 8-11). In short summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

### III. Discussion

"Although the statute does not specifically mention retaliation, it is settled that retaliatory conduct is within the broad prohibition of 'discrimination' made unlawful by Title IX." *S.K. v. North Allegheny School District*, 168 F.Supp.3d 786, 803 (W.D. Pa 2016) (citing *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005). No doubt that "retaliation taken against an individual because that individual has complained about sex discrimination is a covered form of discrimination under Title IX." *Id*. at 805 (citing *Jackson*, 544 U.S. at 173). "Thus, to assert a viable claim for retaliation under Title IX, Plaintiff[s] must plead facts sufficient to plausibly show that [defendants] "retaliated against [them] because [they] complained of sex [abuse and harassment]." *Frazer v. Temple University*, 25 F.Supp.3d 598, 615 (E.D. Pa. 2014) (citing *Jackson*, 544 U.S. at 184).

Specifically, "[t]o establish a *prima facie* case of retaliation, a plaintiff must show: (1) that he or she engaged in protected activity [under Title IX]; (2) defendant had knowledge of the protected activity; (3) adverse school-

- 4 -

related action was taken against plaintiff; and (4) a causal connection between the protected activity and the adverse action." *S.K. v. North Allegheny School District*, 168 F.Supp.3d at 803-04 (citing *Yan v. Penn State University*, 529 Fed. App'x. 167, 171 (3d Cir. 2013)). Further, plaintiffs must show "intentional conduct ... to recover on a claim of retaliation." *Id*. at 805. "The first step in any assessment of a retaliation claim is to identify what conduct, if any, a reasonable jury could causally link to the existence of retaliatory animus." *Id*. at 806 (citations omitted). Retaliatory animus is "(1) intentional conduct aimed at inflicting injury or harm (2) taken because of a complaint about a perceived form of prohibited conduct." *Id*.

"Protected activities include complaints of sexual discrimination to the courts, government agencies, or the funding recipient." *Dawn L. v. Greater Johnstown School Dist*., 586 F.Supp.2d 332, 374 (W.D. Pa. 2008) (citations omitted). "To establish the requisite causal connection, Plaintiff[s] must allege facts to demonstrate either: '(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.'" *Frazer*, 25 F.Supp.3d at 615 (citing *Cooper v. Menges*, 541 Fed. App'x. 228, 232 (3d Cir. 2013)).

CTC argues that both B.W. and J.R. have failed to establish a viable Title IX retaliation claim. However, in support of this argument as to J.R. CTC only cites its expert's report which states that CTC administrators appropriately responded to student's concerns about Humphrey and did not know about his misconduct until he was arrested for that conduct. Thus, CTC claims that Plaintiffs have failed to establish or identify any particular action that was a moving force in causing Plaintiff's injury or that demonstrates deliberate indifference on the part of CTC towards their rights. CTC then states "For the foregoing reasons, Count VI of Plaintiff's complaint sounding in failure to train and supervise must, as a matter of law, be dismissed." (Doc. 112 p. 48). The court assumes that his was a typo by Defense counsel given that Defense counsel labeled the section that ends in this statement "Count III – Title IX 20 U.S.C. §1681 (Retaliation). (*Id*. p. 46) Regardless, CTC does not explain how either J.R. or B.W.'s allegations fail to establish a *prima facie* case of Title IX retaliation.

J.R. and B.W. submit evidence that they both engaged in protected activities by complaining about Humphrey's sexually abusive and in turn discriminatory conduct to school administrators and law enforcement. CTC administrators knew about this protected activity and intentionally treated J.R. and B.W. differently and indeed worse than students who did not engage

in protected activities. Given that these actions all occurred after J.R. and B.W. complained about Humphrey's conduct a reasonable jury could find a requisite causal connection between their protected activities and CTC's alleged retaliatory actions.

Regarding J.R. CTC does point to evidence that administrators did not allow him to participate in the disputed awards/graduation ceremony because of disciplinary infractions and the fact he was "fired" from a co-op arranged through CTC. However, J.R. alleges that these disciplinary issues as well as his co-op separation were also *because* of CTC's retaliatory actions. Thus, there is still a genuine dispute of material fact as to whether CTC's actions towards J.R. were in retaliation for his complaints about Humphrey.

Similarly, regarding B.W. CTC points to evidence that B.W. was only yelled at once by Mr. Filak in front of other students and he does not know why Mr. Filak did not sign off on his participation in a widely sough after co-op program. However, this evidence does not entitle CTC to summary judgement but again only demonstrates that there is genuine dispute of material fact as to whether CTC's actions were in retaliation for Plaintiffs' complaints about Humphrey. Accordingly, this court must deny CTC's motions for summary judgment on B.W. and J.R.'s retaliation claims.

### IV. Conclusion

Based on the aforesaid CTC's motion for summary judgment on Plaintiffs B.W. and J.R.'s retaliation claims will be **DENIED**. (Docs. 60 and 67). An appropriate order amending the court's prior orders as to these claims will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 30, 2024**
19-1146-04 BW-JR